| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------- X<br>                                                     :<br>MIGUEL QUILES,                           :<br>                          Petitioner,     :<br>                                                     :<br>                - against -                   :<br>                                                     :<br>DANIEL MARTUSCELLO,           :<br>                                                     :<br>                          Respondent.    :<br>----------------------------------------------------------- X | C/M<br><br><br><br>**MEMORANDUM DECISION**<br>**AND ORDER**<br><br>15 Civ. 1582 (BMC) |

**COGAN**, District Judge.

On July 4, 2015, I denied petitioner's request for a writ of habeas corpus under 28 U.S.C. § 2254, rejecting on the merits his single claim of constitutionally insufficient evidence to support his state court conviction. Familiarity with that decision is assumed. More than six years have passed, and petitioner has moved for an Order under Fed. R. Civ. P. 60(b)(4), contending that this Court's decision is void because, among other reasons, petitioner did not receive a copy of the state court record when respondent filed it.

Rule 60(b) provides that a court may relieve a party from a final judgment on grounds that include an opposing party's fraud, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (4), (6). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). In that case, the Supreme Court explained that Rule 60(b) allows a party to seek relief "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 269. Thus, a

judgment is void pursuant to Rule 60(b)(4) only if the court lacked personal or subject matter jurisdiction, or if it acted in a manner inconsistent with due process. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011). In addition, Rule 60(b)(4) relief must be sought within a "reasonable time," Fed. R. Civ. P. 60(b)(4), and a district court has discretion in deciding whether to grant a Rule 60(b) motion. Pena v. United States, 334 F. Supp. 3d 578, 580 (S.D.N.Y. 2018).

Assuming *arguendo* that petitioner did not receive a copy of the state court record, although it is plainly shown as filed on the Court's docket, his motion fails. It is far too late. Petitioner does not dispute, and cannot dispute, that he received a copy of this Court's Order dismissing his petition, as well as the Judgment that followed, together with an appeals package notifying him of his rights, on or shortly after July 6, 2015. More than that, the docket shows that this Court ordered respondent to file the record by June 30, 2015, a direction with which respondent complied. Petitioner does not claim that he failed to receive a copy of that Order (the docket shows that it was sent to him), but he never took any action to inquire about the state court record. Despite knowing that the case was proceeding, petitioner never raised a question about it until now. He offers no explanation for waiting more than six years to bring this motion. The passage of time over such a long period will not support a Rule 60(b)(4) motion.

Petitioner also seems to be contending that the denial of his petition without his having received the state court record was a denial of due process. There are some instances where a due process violation can exist without a showing of prejudice. See, e.g. United States v. Fernandez-Antonia, 278 F.3d 150, 157 (2d Cir. 2002) (violation of due process by failing to follow immigration regulation requires no showing of prejudice). However, this is not one of them. To

warrant relief based on a failure to timely receive documents filed in a proceeding, petitioner would have to show prejudice. Cf. Mathis v. Hood, 937 F.2d 790, 794 (2d Cir. 1991) (denying relief from a state court conviction despite finding a due process violation because it took six years for the state courts to rule on the petitioner's appeal, as the petitioner failed to demonstrate prejudice).

Here, there is no showing of prejudice because petitioner has offered nothing to overcome this Court's prior dismissal of his petition. He stresses the same circumstantial evidence that he did in his petition and his state court proceedings in contending that there was insufficient evidence. This Court rejected that argument then and there is no more that petitioner has raised this time. It would make no sense to vacate the denial of the petition and then deny it again now that petitioner has finally asserted that he did not have the state court record.

Petitioner also contends he was deprived of "notice and opportunity" when he allegedly did not receive notice of the reassignment of the case from Judge Brodie to this Court on June 16, 2015. Again, assuming he did not receive the docketed notice, he would have to show prejudice from not having the opportunity to object to the reassignment. See Timmons v. Rapelje, No. 12-12336, 2013 WL 6048995, at *14 (E.D. Mich. Nov. 15, 2013) ("it is difficult to see how Petitioner was prejudiced by the reassignment."). He has not even attempted to do so. Absent a showing of a conflict of interest or improper purpose, a litigant has no right to object to the reassignment of his case to another judge. See United States v. Gray, 876 F.2d 1141 (9th Cir. 1989) ("Judges may reassign cases for almost any reason …); cf. Timmons, 2013 WL 6048995, at *14 ("there is no federal constitutional right to have his entire criminal proceeding presided over by a single judge"). Indeed, Rule 5 of the Rules for the Division of Business for the Eastern

3

District of New York provides: "Nothing in these Rules shall be deemed to prevent the reassignment of cases at the initiative of the Chief Judge by agreement of the judges involved."

Finally, petitioner suggests that because this Court did not require respondent to answer his petition before the Court denied the petition, he was denied due process. He misunderstands the law. Rule 5 of the Rules Governing Section 2254 Cases In The United States District Courts, 28 U.S.C.A. foll. § 2254, provides: "The respondent is not required to answer the petition unless a judge so orders." Having reviewed the state court record in this case, there was no more that this Court needed from respondent to rule on the petition. The issue of insufficient evidence that the petitioner raises here was thoroughly briefed and decided in the state courts; all this Court had to do was apply the AEDPA standard of review to the state courts' rulings. Requiring respondent to reiterate its briefing in the state court with the AEDPA gloss over it would have been a waste of time and resources.

The motion is accordingly denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
July 18, 2022